UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

DEREK A. HEYLIGER,

                                Plaintiff,                9:16-CV-0980
                                                                          (NAM/TWD)

     v.

JAMES TROMBLEY, et al.,

                                Defendants.
─────────────────────────────────────

APPEARANCES:                                     OF COUNSEL:

DEREK A. HEYLIGER
12-B-0269
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN         HELENA LYNCH, ESQ.
New York Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

NORMAN A. MORDUE, Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

     This action was brought pro se by plaintiff Derek A. Heyliger in August 2016. Dkt. No. 1. Plaintiff, who is presently confined at Upstate Correctional Facility, asserts claims arising out of an incident which occurred at Clinton Correctional Facility on December 3, 2013.

     Upon review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Magistrate Judge Thérèse Wiley Dancks concluded that a response to

plaintiff's Eighth Amendment excessive force and failure to intervene claims against defendants was required. Dkt. No. 7.[1]

An answer to the complaint was filed on behalf of defendants on December 2, 2016. Dkt. No. 24. Discovery is ongoing. *See* Dkt. No. 26 (Mandatory Pretrial Discovery and Scheduling Order, Dancks, M.J.). Plaintiff recently filed a motion for leave to file an amended complaint. Dkt. No. 31.[2]

Presently before the Court is a letter motion from plaintiff seeking preliminary injunctive relief. Dkt. No. 28.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that

---

[1] Plaintiff's in forma pauperis application was granted. Dkt. No. 7 at 3.

[2] Plaintiff's motion to amend, which defendants have not opposed, is pending before Magistrate Judge Dancks.

2

alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his motion, plaintiff describes a recent encounter he had with defendant C.O. Trombley, who now works at Upstate Correctional Facility. Dkt. No. 28 at 1-2. Plaintiff states that C.O. Trombley delivered legal materials plaintiff had requested from the facility law library to plaintiff's cell. While passing the materials through the feed-up slot in plaintiff's cell door, C.O. Trombley "smiled at Plaintiff then said 'So when are we going to trial.'" *Id.* at 1. Plaintiff contends that it is improper for C.O. Trombley to ask plaintiff legal questions about this case and to handle plaintiff's legal materials, and asks that C.O. Trombley be "reprimanded." *Id.* at 1-2. Plaintiff also claims that he feels intimidated by C.O. Trombley and requests that he be transferred to a different correctional facility "based on the substantial risk to his safety at this facility." *Id.*[4]

Defendants oppose plaintiff's motion and urge its denial. Dkt. No. 29.

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[4] Plaintiff, who was transferred to Upstate C.F. on January 4, 2017, states that this transfer marks the "second time DOCCS Central Office Administrators returned Plaintiff to an environment which raises a forewarned and elevated risk to Plaintiff's personal safety." Dkt. No. 28 at 2. The first time was in October 2015, when plaintiff was transferred to Clinton C.F., where his claims arose. *Id.*

3

As counsel correctly states, it is the Department of Corrections and Community Supervision, and not this Court, which determines where plaintiff will be housed during his period of incarceration. *See* Dkt. No. 29 at 7; *see also Olim v. Wakinekoma*, 461 U.S. 238, 248-49 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (New York state prisoners have no right to incarceration at a particular prison facility). Plaintiff's desire to be confined in a different correctional facility, no matter how sincere, is not sufficient to warrant the requested judicial relief.

In light of his pro se status, the Court has considered whether plaintiff has made a showing sufficient to warrant the issuance of any form of judicial relief regarding his confinement at Upstate Correctional Facility and concludes that he has not. In so ruling, the Court finds that plaintiff has not demonstrated that he is likely to suffer imminent irreparable harm if the requested relief is not granted. While mistreatment of any kind is not condoned, plaintiff's allegations regarding C.O. Trombley's conduct do not suffice to plausibly suggest that plaintiff faces an actual imminent injury from this defendant. Rather, plaintiff alleges only that "the possibility of retaliatory assault or fabricated misbehavior report infractions" exists. Dkt. No. 28 at 2. Plaintiff's concern that C.O. Trombley might physically harm or otherwise mistreat him is purely speculative and, therefore, patently insufficient to make the showing required for the issuance of preliminary injunctive relief. *See e.g., Slacks v. Gray*, No. 9:07-CV-0501 (NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (allegations of future injury without more do not establish a real threat of injury).

In addition, plaintiff has failed to submit proof or evidence which demonstrates a likelihood of succeeding on the merits of his claims or the existence of sufficiently serious

questions going to the merits of the claims and a balance of hardships tipping decidedly toward him. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Based upon the foregoing, plaintiff's motion for preliminary injunctive relief (Dkt. No. 28) is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: March 21, 2017
Syracuse, NY

Norman A. Mordue
Senior U.S. District Judge

5